IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FIRST JUDICIAL DISTRICT AT KETCHIKAN

D.W.J., )
)
      Plaintiff, )
)
vs. )
)
WAUSAU BUSINESS INSURANCE )
COMPANY, )
)
      Defendants. )
)

FILED in the Trial Courts
State of Alaska First District
at Ketchikan

JUN 25 2015

Clerk of the Trial Court

Case No. IKE-15-233CI

## COMPLAINT

COMES NOW the plaintiff, D.W.J., by and through her attorneys, BARBER & ASSOCIATES, LLC, and for her complaint against defendant WAUSAU BUSINESS INSURANCE COMPANY, does state and allege as follows:

1. That at all times material hereto, plaintiff was and is a resident of Ketchikan, Alaska.

2. That at all times material hereto, defendant was and is an insurance company doing business in Ketchikan, Alaska.

3. That at all times material hereto, the plaintiff has standing to bring the claims of the Estate of Robert S. Callanan against defendant pursuant to an assignment.

4. The defendant is liable for the actions and/or failures to act of its employees

BARBER & ASSOCIATES, LLC
ATTORNEYS AT LAW
821 "N" STREET, SUITE 103
ANCHORAGE, ALASKA 99501
PHONE: (907) 276-5858
FAX: (907) 276-5817

3084/01 Complaint
D.W.J. v Wausau Business Ins. Co.
Page 1

and/or agents under theories of vicarious liability and/or agency and/or respondeat superior.

5. On or about 10/11/12, the defendant's employee(s) declined to provide a defense or any coverage to Robert S. Callanan after reviewing a lawsuit filed against Mr. Callanan by the plaintiff involving an incident on 5/26/11 at a motel operated by Peninsula Group, LLC, dba Ketchikan Super 8 Motel.

6. The lawsuit against Mr. Callanan which was reviewed by defendant's employee(s) before declining to provide a defense to him alleged, among other things, that Mr. Callanan was "... liable for negligently failing to keep D.W.J. safe when she stayed at the hotel."

7. The lawsuit against Mr. Callanan reviewed by defendant's employee(s) before declining to provide a defense to him also alleged that Mr. Callanan was liable for invading the plaintiff's room, performing sexual acts on the plaintiff without her consent, and gripping her arm so tight that he left a bruise.

8. The lawsuit against Mr. Callanan reviewed by defendant's employee(s) before declining to provide a defense to him alleged that Mr. Callanan was liable for actions committed in the scope of his employment with Super 8 Worldwide Inc.

9. On 5/26/11, Mr. Callanan worked for a motel operated by Peninsula Group, LLC, dba Ketchikan Super 8 Motel (hereinafter referred to as "Peninsula").

3084/01 Complaint
D.W.J. v Wausau Business Ins. Co.
Page 2

EXHIBIT B
PAGE: 2 OF 6

Case 5:15-cv-00003-SLG   Document 1-2   Filed 08/05/15   Page 2 of 6

10. The defendant declined to provide a defense or coverage to Mr. Callanan by asserting that he was not an insured under the Wausau policy and that the policy did not provide coverage for the bodily injury or personal injury alleged by the plaintiff.

11. The defendant did not decline to provide a defense or coverage based on any failure in plaintiff's complaint to identify the proper employer of Mr. Callanan or operator of the Ketchikan Super 8 Motel.

12. Mr. Callanan was an insured under the Wausau policy for claims alleged in the plaintiff's lawsuit.

13. The defendant declined to provide a defense or coverage to Mr. Callanan before the time period ran for him to appeal his criminal case.

14. Mr. Callanan appealed his criminal case.

15. The plaintiff obtained a default against Mr. Callanan.

16. Mr. Callanan died during the pendency of his criminal appeal.

17. The defendant provided a defense and coverage to Peninsula for allegations in the plaintiff's lawsuit.

18. Peninsula's defense attorneys were retained by defendant and acted as defendant's agents by providing reports to the defendant and/or by responding to requests made by the defendant.

19. Peninsula's defense attorneys were aware of the plaintiff's claims in the lawsuit she filed against Mr. Callanan and Peninsula.

3084/01 Complaint
D.W.J. v Wausau Business Ins. Co.
Page 3

BARBER & ASSOCIATES, LLC
ATTORNEYS AT LAW
821 "N" STREET, SUITE 103
ANCHORAGE, ALASKA 99501
PHONE: (907) 276-5858
FAX: (907) 276-5817

EXHIBIT B
PAGE: 3 OF 6

20. Peninsula's defense attorneys communicated the plaintiff's claims to defendant.

21. Peninsula's defense attorneys were aware that the plaintiff alleged that Robert Callanan was liable for negligence.

22. Defendant was aware that the plaintiff alleged that Robert Callanan was liable for negligence.

23. Peninsula's defense attorneys were aware that the plaintiff alleged that Robert Callanan engaged in negligent, reckless and outrageous conduct harming the plaintiff.

24. Defendant was aware that the plaintiff alleged that Robert Callanan engaged in negligent, reckless and outrageous conduct against the plaintiff.

25. Defendant's policy does not exclude coverage for bodily injury caused by negligence committed in the course and scope of an employee's conduct.

26. Defendant's policy does not exclude coverage for bodily injury caused by recklessness committed in the course and scope of an employee's conduct.

27. Peninsula's manager, Carol Domme, asserted in her deposition that Robert Callanan's conduct was consensual.

28. Peninsula's defense attorneys were aware that Peninsula's manager asserted in her deposition that Robert Callanan's conduct was consensual.

29. Defendant was aware that Peninsula's manager asserted in her deposition that Robert Callanan's conduct was consensual.

3084/01 Complaint
D.W.J. v Wausau Business Ins. Co.
Page 4

BARBER & ASSOCIATES, LLC
ATTORNEYS AT LAW
821 "N" STREET, SUITE 103
ANCHORAGE, ALASKA 99501
PHONE: (907) 276-5858
FAX: (907) 276-5817

EXHIBIT B
PAGE: 4 OF 6

BARBER & ASSOCIATES, LLC
ATTORNEYS AT LAW
621 "N" STREET, SUITE 103
ANCHORAGE, ALASKA 99501
PHONE: (907) 276-5858
FAX: (907) 276-5817

30. At a mediation in the case against Mr. Callanan and Peninsula, the plaintiff offered to release Mr. Callanan as well as Peninsula in exchange for additional money.

31. Peninsula's attorneys were aware that at the mediation, the plaintiff offered to release Mr. Callanan as well as Peninsula in exchange for additional money.

32. Defendant was aware that at the mediation, the plaintiff offered to release Mr. Callanan as well as Peninsula in exchange for additional money.

33. Defendant rejected the offer at the mediation for the plaintiff to release Mr. Callanan for some additional money.

34. On 1/22/15, the Court entered a default judgment against the Estate of Robert Callanan in favor of the plaintiff for $641,264.86.

35. The defendant is liable for negligently adjusting plaintiff's claim against Robert Callanan.

36. The defendant is liable for breach of contract.

37. The defendant is liable for breach of the covenant of good faith and fair dealing.

38. The defendant breached the duty to defend.

39. The defendant's breach of contract and breach of the covenant of good faith and fair dealing were substantial factors in causing harm to the plaintiff for which the defendant is liable.

40. The defendant is liable to the plaintiff for economic and non-economic damages, including emotional distress and mental anguish, and other non-pecuniary damages to be

3084/01 Complaint
D.W.J. v Wausau Business Ins. Co.
Page 5

EXHIBIT B
PAGE: 5 OF 6

more fully set forth at trial, all in an amount in excess of $100,000.00 (ONE HUNDRED THOUSAND DOLLARS), the exact amount to be set by the trier of fact.

41. Defendant's conduct was outrageous and/or evidenced reckless and/or intentional disregard to the interests of others.

42. Defendant is liable to the plaintiff for punitive and/or exemplary damages.

WHEREFORE, having fully pled plaintiff's complaint, plaintiff requests a judgment against defendants for an amount in excess of $100,000.00 (ONE HUNDRED THOUSAND DOLLARS) to be established by the trier of fact, plus interest, costs and attorney fees and such other relief as the court deems just.

DATED at Anchorage, Alaska this 22 day of June, 2015.

BARBER & ASSOCIATES, LLC
Attorneys for Plaintiff

By: _____
JEFF BARBER
AK Bar #0111058

3084/01 Complaint
D.W.J. v Wausau Business Ins. Co.
Page 6